# EXHIBIT "A"

Filing # 140983281 E-Filed 12/27/2021 06:51:35 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

JANE DOE,

    Plaintiff,

Case No.:

vs.

CAMDEN SUMMIT PARTNERSHIP, LP
d/b/a CAMDEN BRICKELL, CAMDEN
DEVELOPMENT, INC., and
FIRST IMPRESSION STAFFING, LLC

    Defendants,

_____/

## COMPLAINT

Plaintiff, JANE DOE, by and through her undersigned counsel, files this Complaint against Defendants, CAMDEN SUMMIT PARTNERSHIP, LP d/b/a CAMDEN BRICKELL (hereafter referred to as "CAMDEN BRICKELL"), CAMDEN DEVELOPMENT, INC., and FIRST IMPRESSION STAFFING, LLC and states as follows:

## INTRODUCTION

1.    This is an action for sexual battery and negligence arising from the sexual battery of Plaintiff, JANE DOE, by MUFARO MUSARO and/or MUFARO NUSARO (hereafter referred to as "THE PERPETRATOR"), concierge employee of the Defendant, during her tenancy at the CAMDEN BRICKELL and while on CAMDEN BRICKELL's premises, located at 50 SW 10th St, Miami, FL 33130, on or about August 7, 2021.

## JURISDICTION AND PARTIES

2.    Plaintiff, JANE DOE, is an adult female over the age of 18 who resides in Miami, Florida.

3.    At all times material hereto, Defendant, CAMDEN BRICKELL, was a foreign, for-

profit limited partnership, organized under the laws of the State of Delaware, was and is authorized to transact business in the State of Florida, holds an office in Miami-Dade County, Florida, and was and is engaged in substantial and not isolated business activities in Miami-Dade County, Florida.

4.      At all times material hereto, Defendant, CAMDEN DEVELOPMENT, INC., was a foreign, for-profit corporation, organized under the laws of the State of Delaware, was and is authorized to transact business in the State of Florida, holds an office in Miami-Dade County, Florida, and was and is engaged in substantial and not isolated business activities in Miami-Dade County, Florida.

5.      At all times material hereto, Defendant, FIRST IMPRESSION STAFFING, was a foreign, for-profit limited liability corporation, organized under the laws of the State of Maryland. This Court has jurisdiction over Defendant because they conduct business in the state, market their services within this state, and/or have availed themselves to the jurisdiction of this state.

6.      At all times material hereto, The Perpetrator, was an employee and agent of Defendant, CAMDEN BRICKELL, where he was employed as a concierge employee of the apartment building. THE PERPETRATOR is or at all material times was a resident and citizen of Miami-Dade County, Florida.

7.      At all times material hereto, CAMDEN BRICKELL, operated an apartment building and had THE PERPETRATOR working in a concierge position under its supervision in Miami-Dade County, Florida.

8.      Venue properly lies in this judicial circuit in that the sexual battery and other tortious acts that are the subject of this lawsuit were committed at the CAMDEN BRICKELL, located in Miami-Dade County, Florida.

2

9.     This Court has jurisdiction in that this is a claim for monetary damages far above the thirty thousand dollar ($30,000) jurisdictional minimum of this Court, exclusive of interest, costs, and attorney's fees.

## FACTUAL ALLEGATIONS

10.     Plaintiff, JANE DOE was a resident of CAMDEN BRICKELL located at 50 SW 10th St, Miami, FL 33130.

11.     On or about August 7, 2021, Plaintiff was returning to her apartment at CAMDEN BRICKELL.

12.     On or about August 7, 2021, Plaintiff entered her apartment building lobby where she seated herself on a bench prior to going up to her apartment.

13.     Thereafter, the Perpetrator escorted Plaintiff back to her apartment and entered her apartment with her without her consent.

14.     Once in her apartment the Perpetrator forced himself on JANE DOE and engaged in sexual intercourse with her without her consent, before returning back to position downstairs.

15.     The described offensive touching was not authorized by Plaintiff and was committed against her will.

16.     At all relevant times, there was an employer-employee relationship between The Perpetrator and Defendants, CAMDEN BRICKELL, CAMDEN DEVELOPMENT, INC., and FIRST IMPRESSION STAFFING, and THE PERPETRATOR was only able to commit these offenses due to the fact that he was the concierge employee in the course and scope of his employment at the time.

3

**COUNT I**
**NEGLIGENCE**
**AGAINST CAMDEN BRICKELL**

Plaintiff repeats and re-alleges Paragraphs 1 through 16 above and further states:

17.     THE PERPETRATOR was at all material times an employee, appointee, and/or agent of CAMDEN BRICKELL.

18.     THE PERPETRATOR committed acts of battery on Plaintiff by offensively touching JANE DOE in a sexual manner without her consent.

19.      As a concierge employee of CAMDEN BRICKELL, THE PERPETRATOR was an authority figure on the property who was in a position of trust and had the opportunity to be alone with residents and guests, including JANE DOE, including in her apartment.

20.     The acts of sexual battery and offensive touching in a sexual manner perpetrated by THE PERPETRATOR on Plaintiff occurred on CAMDEN BRICKELL's premises while THE PERPETRATOR was within the course and scope of his employment, and in fact could only have been committed while Perpetrator was in the scope of his business.

21.     The acts of battery described above occurred during THE PERPETRATOR's normal working hours while he was working on CAMDEN BRICKELL's premises, and these acts were only enabled by THE PERPETRATOR's unsupervised position.

22.     At all times material hereto, CAMDEN BRICKELL owed a duty to Plaintiff, JANE DOE, to use reasonable care to ensure their safety, care, and well-being of the residents on CAMDEN BRICKELL's premises. These duties included the hiring, retention, training, and supervision of its employees, including THE PERPETRATOR.

23.     The duties owed by CAMDEN BRICKELL included hiring employees in a non-negligent manner, including performing all necessary background checks and ensuring THE

4

PERPETRATOR was qualified for each position in which he would be employed.

24.     In addition, CAMDEN BRICKELL's duties included providing adequate supervision of its employees, including THE PERPETRATOR.

25.     Likewise, CAMDEN BRICKELL had the duty to retain only those employees who it knew or should have known would not pose a risk to their residents.

26.     Furthermore, the duty of CAMDEN BRICKELL to train its employees included instructing employees of the social and professional boundaries that must be maintained between employees and residents.

27.     CAMDEN BRICKELL breached its duty of care in every way by failing to protect Plaintiff from sexual battery and lewd and lascivious acts committed by their employee, THE PERPETRATOR.

28.     Defendant knew, or in the exercise of reasonable care should have known, that THE PERPETRATOR was unfit for the duties assigned, did not exhibit appropriate boundaries with residents, was sexually inappropriate with residents, had a prior criminal background, and/or posed a risk of perpetrating unwanted sexual contact on Plaintiff.

29.     Despite having such information, CAMDEN BRICKELL hired and retained THE PERPETRATOR, placed no limitations on his employment, failed to provide supervision of THE PERPETRATOR, provided no training to THE PERPETRATOR nor other employees who could have prevented this sexual battery from occurring, issued no warnings, and took no action to protect any of its female residents, including JANE DOE.

30.     At all relevant times, CAMDEN BRICKELL knew, or in the exercise of reasonable care should have known, that THE PERPETRATOR was unfit, dangerous, or a threat to the safety and welfare of women on CAMDEN BRICKELL's premises, was not properly trained and was

5

not properly supervised, placing residents at risk.

31.     Despite such actual or constructive knowledge, CAMDEN BRICKELL retained THE PERPETRATOR, negligently trained him, and failed to exercise adequate supervision over him.

32.     As a direct and proximate cause of the foregoing, Plaintiff was sexually battered, violated, and has suffered damages, including medical and psychological expenses, physical and emotional pain and suffering, mental anguish, disability, and the loss of the enjoyment of life.

**WHEREFORE**, Plaintiff, JANE DOE, demands judgment against Defendant, CAMDEN BRICKELL, LLC, for compensatory damages, and all other as this Court deems just and proper.

**COUNT II**
**NEGLIGENCE**
**AGAINST CAMDEN DEVELOPMENT, INC**

Plaintiff repeats and re-alleges Paragraphs 1 through 16 above and further states:

33.     At all times material hereto, CAMDEN DEVELOPMENT, INC., operated an apartment building and had THE PERPETRATOR working as a concierge employee under its supervision in Miami-Dade County, Florida.

34.     THE PERPETRATOR was at all material times an employee, appointee, and/or agent of CAMDEN DEVELOPMENT, INC.

35.     THE PERPETRATOR committed acts of battery on Plaintiff by offensively touching JANE DOE in a sexual manner while she was in an unconscious or intoxicated state and without her consent.

36.     As a concierge employee of CAMDEN DEVELOPMENT, INC., THE PERPETRATOR was an authority figure on the property who was in a position of trust and had the opportunity to be alone with residents and guests, including JANE DOE, including in her

apartment.

37.     The acts of sexual battery and offensive touching in a sexual manner perpetrated by THE PERPETRATOR on Plaintiff occurred on CAMDEN DEVELOPMENT, INC.'s premises while THE PERPETRATOR was within the course and scope of his employment.

38.     The acts of battery described above occurred during THE PERPETRATOR'S normal working hours while he was working on CAMDEN DEVELOPMENT, INC.'s premises, and these acts were only enabled by THE PERPETRATOR'S unsupervised position.

39.     At all times material hereto, CAMDEN DEVELOPMENT, INC. owed a duty to Plaintiff, JANE DOE, to use reasonable care to ensure their safety, care, and well-being of the residents on CAMDEN DEVELOPMENT, INC.'s premises. These duties included the hiring, retention, training, and supervision of its employees, including THE PERPETRATOR.

40.     The duties owed by CAMDEN DEVELOPMENT, INC. included hiring employees in a non-negligent manner, including performing all necessary background checks and ensuring THE PERPETRATOR was qualified for each position in which he would be employed.

41.     In addition, CAMDEN DEVELOPMENT, INC.'s duties included providing adequate supervision of employees, including THE PERPETRATOR.

42.     Likewise, CAMDEN DEVELOPMENT, INC. had the duty to retain only those employees who it knew or should have known would not pose a risk to their residents.

43.     Furthermore, the duty of CAMDEN DEVELOPMENT, INC. to train its employees included instructing employees of the social and professional boundaries that must be maintained between employees and residents.

44.     CAMDEN DEVELOPMENT, INC. breached its duty of care in every way by failing to protect Plaintiff from sexual battery and lewd and lascivious acts committed by their

employee, THE PERPETRATOR.

45.     Defendant knew, or in the exercise of reasonable care should have known, that THE PERPETRATOR was unfit for the duties assigned, did not exhibit appropriate boundaries with residents, was sexually inappropriate with residents, had a prior criminal background, and/or posed a risk of perpetrating unwanted sexual contact on Plaintiff.

46.     Despite having such information, CAMDEN DEVELOPMENT, INC. hired and retained THE PERPETRATOR, placed no limitations on his employment, failed to provide supervision of THE PERPETRATOR, provided no training to THE PERPETRATOR nor other employees who could have prevented this sexual battery from occurring, issued no warnings, and took no action to protect any of its female residents, including JANE DOE.

47.     At all relevant times, CAMDEN DEVELOPMENT, INC. knew or, in the exercise of reasonable care should have known, that THE PERPETRATOR was unfit, dangerous, or a threat to the safety and welfare of women on CAMDEN DEVELOPMENT, INC.'s premises, was not properly trained and was not properly supervised, placing residents at risk.

48.     Despite such actual or constructive knowledge, CAMDEN DEVELOPMENT, INC. retained THE PERPETRATOR, negligently trained him, and failed to exercise adequate supervision over him.

49.     As a direct and proximate cause of the foregoing, Plaintiff was sexually battered, violated, and has suffered damages, including medical and psychological expenses, physical and emotional pain and suffering, mental anguish, disability, and the loss of the enjoyment of life.

**WHEREFORE**, Plaintiff, JANE DOE, demands judgment against Defendant, CAMDEN DEVELOPMENT, INC., for compensatory damages, and all other as this Court deems just and proper.

**COUNT III**
**NEGLIGENT SUPERVISION OF THE PERPETRATOR**
**AGAINST CAMDEN BRICKELL**

Plaintiff repeats and re-alleges Paragraphs 1 through 16 above and further states:

50.     At all material times, Defendant CAMDEN BRICKELL owed a duty to Plaintiff, JANE DOE, to use reasonable care to ensure her safety, care, and well-being while she was a resident at Defendant, CAMDEN BRICKELL.

51.     Defendant, CAMDEN BRICKELL's duties included the proper supervision of its employees, including the PERPETRATOR.

52.     Furthermore, Defendant, CAMDEN BRICKELL's duty to supervise its employees included ensuring that any employee in a managerial or supervisory position, including the Concierge PERPETRATOR, was properly trained and adhered to the building's policies and procedures, and above all that all employees, and especially those in a managerial or supervisory position, understood that their duty to use reasonable care to ensure the safety, care, and well-being of residents on Defendant CAMDEN BRICKELL's premises.

53.     Defendant, CAMDEN BRICKELL breached its duty of care in every way by failing to protect Plaintiff from sexual battery and lewd and lascivious acts committed by its employee, the PERPETRATOR, while he was an employee on Defendant CAMDEN BRICKELL's premises.

54.     At all material times, Defendant, CAMDEN BRICKELL employed the PERPETRATOR as a front-desk concierge, in which capacity he was one of the only employees on-site and fully or partially responsible for managing Defendant, CAMDEN BRICKELL's property at the time of the incident in question.

55.     At all material times, Defendant, CAMDEN BRICKELL negligently supervised

9

the PERPETRATOR, as evidenced by the following:

    a. The PERPETRATOR was permitted to act in a supervisory capacity even though he was unfamiliar with the building's policies, rules, and procedures;

    b. The PERPETRATOR improperly entered Plaintiff JANE DOE's apartment unit unattended, uninvited, and unsupervised;

    c. The PERPETRATOR sexually assaulted Plaintiff, JANE DOE;

    d. Defendant, CAMDEN BRICKELL, failed to monitor the PERPETRATOR either in person or on the security camera system that was installed on their premises; and

    e. The PERPETRATOR's superior was not immediately made aware of his misconduct.

56.    At all material times, Defendant, CAMDEN BRICKELL knew, or in the exercise of reasonable care should have known, that its employee, the PERPETRATOR, was not properly supervised and that its failure to properly supervise its employees, including the Perpetrator, placed residents at risk.

57.    As a direct and proximate cause of the foregoing, Plaintiff was sexually battered, violated, and has suffered damages, including medical and psychological expenses, physical and emotional pain and suffering, mental anguish, disability, and the loss of the enjoyment of life.

**WHEREFORE**, Plaintiff, JANE DOE demands judgment against Defendant, CAMDEN BRICKELL, for compensatory damages, and all other as this Court deems just and proper.

### COUNT IV
### NEGLIGENT SUPERVISION OF THE PERPETRATOR
### AGAINST CAMDEN DEVELOPMENT, INC.

Plaintiff repeats and re-alleges Paragraphs 1 through 16 above and further states:

58.    At all material times, Defendant CAMDEN DEVELOPMENT, INC. owed a duty

to Plaintiff, Jane Doe, to use reasonable care to ensure her safety, care, and well-being while she was a resident at Defendant, CAMDEN DEVELOPMENT, INC.

59. Defendant, CAMDEN DEVELOPMENT, INC.'s duties included the proper supervision of its employees, including the PERPETRATOR.

60. Furthermore, Defendant CAMDEN DEVELOPMENT, INC.'s duty to supervise its employees included ensuring that any employee in a managerial or supervisory position, including the Concierge PERPETRATOR, was properly trained and adhered to the building's policies and procedures, and above all that all employees, and especially those in a managerial or supervisory position, understood that their duty to use reasonable care to ensure the safety, care, and well-being of residents on Defendant CAMDEN DEVELOPMENT, INC.'s premises.

61. Defendant, CAMDEN DEVELOPMENT, INC. breached its duty of care in every way by failing to protect Plaintiff from sexual battery and lewd and lascivious acts committed by its employee, the PERPETRATOR, while he was an employee on Defendant CAMDEN DEVELOPMENT, INC.'s premises.

62. At all material times, Defendant, CAMDEN DEVELOPMENT, INC. employed the PERPETRATOR as a front-desk concierge, in which capacity he was one of the only employees on-site and fully or partially responsible for managing Defendant, CAMDEN DEVELOPMENT, INC.'s property at the time of the incident in question.

63. At all material times, Defendant, CAMDEN DEVELOPMENT, INC. negligently supervised the PERPETRATOR, as evidenced by the following:

    a. The PERPETRATOR was permitted to act in a supervisory capacity even though he was unfamiliar with the building's policies, rules, and procedures;

    b. The PERPETRATOR improperly entered Plaintiff JANE DOE's apartment unit

11

unattended, uninvited, and unsupervised;

c. The PERPETRATOR sexually assaulted Plaintiff, JANE DOE;

d. Defendant, CAMDEN DEVELOPMENT, INC., failed to monitor the PERPETRATOR either in person or on the security camera system that was installed on their premises; and

e. The PERPETRATOR's superior was not immediately made aware of his misconduct.

64. At all material times, Defendant CAMDEN DEVELOPMENT, INC. knew, or in the exercise of reasonable care should have known, that its employee, the PERPETRATOR, was not properly supervised and that its failure to properly supervise its employees, including the Perpetrator, placed residents at risk.

65. As a direct and proximate cause of the foregoing, Plaintiff was sexually battered, violated, and has suffered damages, including medical and psychological expenses, physical and emotional pain and suffering, mental anguish, disability, and the loss of the enjoyment of life.

**WHEREFORE**, Plaintiff, JANE DOE demands judgment against Defendant, CAMDEN DEVELOPMENT, INC., for compensatory damages, and all other as this Court deems just and proper.

**COUNT V**
**NEGLIGENT MODE OF OPERATION**
**AGAINST CAMDEN BRICKELL**

Plaintiff repeats and re-alleges Paragraphs 1 through 16 above and further states:

66. At all material times, Defendant CAMDEN BRICKELL owed a duty to Plaintiff, JANE DOE, to use reasonable care to ensure her safety, care, and well-being while she was a resident at Defendant, CAMDEN BRICKELL.

67.     At all material times, Defendant CAMDEN BRICKELL had a duty to operate in a non-negligent manner, including by:

    a.   Ensuring that all its employees, including the PERPETRATOR, were appropriately qualified, trained, supervised, and retained;

    b.   Ensuring that the premises were adequately staffed;

    c.   Implementing appropriate policies, rules, and procedures to safeguard the safety, care, and well-being of residents while they are on the building's premises;

    d.   Ensuring that all employees understood and complied with the building's policies, rules, and procedures, including those involving the important of maintaining appropriate social and professional boundaries between building residents and employees, and those involving the circumstance under which it would be permissible for a building employee to be alone with a resident in an apartment unit;

    e.   Ensuring that employees who had not demonstrated their understanding and compliance with the abovementioned policies, rules, and procedures were not left unsupervised, and especially that such employees were not placed in supervisory roles where they would be scheduled as the only/one of the only employees on duty;

    f.   Ensuring that employees were trained to recognize when another employee breached the abovementioned policies, rules, and procedures, and to appropriately report such breach to the breaching employee's supervisor;

    g.   Ensuring that the security cameras were well maintained, properly positioned, functional, not deteriorating, and in operation and that the surveillance footage was maintained by proper personnel to monitor, prevent, and respond to potential harm

to building residents, including criminal attacks and sexual assault.

68.     At all material times, Defendant CAMDEN BRICKELL utilized a negligent mode of operation which created a foreseeable zone of risk that exposed residents of the building, including Plaintiff JANE DOE, to a foreseeable harm that Defendant, CAMDEN BRICKELL failed to sufficiently guard against.

69.     As a direct and proximate cause of the foregoing, Plaintiff was sexually battered, violated, and has suffered damages, including medical and psychological expenses, physical and emotional pain and suffering, mental anguish, disability, and the loss of the enjoyment of life.

**WHEREFORE**, Plaintiff, JANE DOE, demands judgment against Defendant, CAMDEN BRICKELL, for compensatory damages and all others as this Court deems just and proper.

### COUNT VI
### NEGLIGENT MODE OF OPERATION
### AGAINST CAMDEN DEVELOPMENT, INC.

Plaintiff repeats and re-alleges Paragraphs 1 through 16 above and further states:

70.     At all material times, Defendant CAMDEN DEVELOPMENT, INC. owed a duty to Plaintiff, JANE DOE, to use reasonable care to ensure her safety, care, and well-being while she was a resident at Defendant, CAMDEN DEVELOPMENT, INC.

71.     At all material times, Defendant CAMDEN DEVELOPMENT, INC. had a duty to operate in a non-negligent manner, including by:

    a.   Ensuring that all its employees, including the PERPETRATOR, were appropriately qualified, trained, supervised, and retained;

    b.   Ensuring that the premises were adequately staffed;

    c.   Implementing appropriate policies, rules, and procedures to safeguard the safety,

care, and well-being of residents while they are on the building's premises;

d. Ensuring that all employees understood and complied with the building's policies, rules, and procedures, including those involving the important of maintaining appropriate social and professional boundaries between building residents and employees, and those involving the circumstance under which it would be permissible for a building employee to be alone with a resident in an apartment unit;

e. Ensuring that employees who had not demonstrated their understanding and compliance with the abovementioned policies, rules, and procedures were not left unsupervised, and especially that such employees were not placed in supervisory roles where they would be scheduled as the only/one of the only employees on duty;

f. Ensuring that employees were trained to recognize when another employee breached the abovementioned policies, rules, and procedures, and to appropriately report such breach to the breaching employee's supervisor;

g. Ensuring that the security cameras were well maintained, properly positioned, functional, not deteriorating, and in operation and that the surveillance footage was maintained by proper personnel to monitor, prevent, and respond to potential harm to building residents, including criminal attacks and sexual assault.

72.     At all material times, Defendant CAMDEN DEVELOPMENT, INC. utilized a negligent mode of operation which created a foreseeable zone of risk that exposed residents of the building, including Plaintiff JANE DOE, to a foreseeable harm that Defendant, CAMDEN DEVELOPMENT, INC. failed to sufficiently guard against.

73.     As a direct and proximate cause of the foregoing, Plaintiff was sexually battered,

violated, and has suffered damages, including medical and psychological expenses, physical and emotional pain and suffering, mental anguish, disability, and the loss of the enjoyment of life.

**WHEREFORE**, Plaintiff, JANE DOE, demands judgment against Defendant, CAMDEN DEVELOPMENT, INC., for compensatory damages and all others as this Court deems just and proper.

**COUNT VII**
**NEGLIGENT TRAINING**
**AGAINST CAMDEN BRICKELL**

Plaintiff repeats and re-alleges Paragraphs 1 through 16 above and further states:

74.     At all material times, Defendant CAMDEN BRICKELL owed a duty to Plaintiff, JANE DOE to use reasonable care to ensure her safety, care, and well-being while she was on Defendant, CAMDEN BRICKELL's premises as a resident of the building.

75.     Defendant, CAMDEN BRICKELL's duties included the proper training of its employees.

76.     Furthermore, Defendant CAMDEN BRICKELL's duty to train its employees included instructing employees of the appropriate social and professional boundaries that must be maintained between employees and resident.

77.     Defendant, CAMDEN BRICKELL breached its duty of care in every way by failing to protect Plaintiff from sexual battery and lewd and lascivious acts committed by its employee, the PERPETRATOR.

78.     Defendant, CAMDEN BRICKELL, neglected to provide any training or supervision for the PERPETRATOR or any other employee to safely manage intoxicated residents and other invitees. At all material times, it was Defendant CAMDEN BRICKELL's policy to respond in ad hoc fashion, including permitting their concierge, the PERPETRATOR, and other

untrained employees to escort intoxicated residents back to their rooms and without training of any other employees to ensure that the PERPETRATOR did not remain the room with the intoxicated and helpless resident.

79.    At all material times, Defendant, CAMDEN BRICKELL had a duty to exercise reasonable care to properly train all of its employees, including specifically, but not limited to, the concierge position at CAMDEN BRICKELL.

80.    At all material times, Defendant CAMDEN BRICKELL was negligent in at least the following ways:

   a.    CAMDEN BRICKELL failed to establish any safety protocol for intoxicated residents;

   b.    The PERPETRATOR and all other CAMDEN BRICKELL employees were unfamiliar with the building's policies, rules, and procedures;

   c.    CAMDEN BRICKELL negligently trained its employees, including, but not limited to, the concierge position as evidenced by the following:

      i.    The PERPETRATOR improperly entered Plaintiff, JANE DOE's apartment unattended, uninvited, and unsupervised without any protocol to ensure he was not able to remain in the room;

      ii.    The PERPETRATOR sexually battered Plaintiff, JANE DOE;

      iii.    There were no safeguards to prevent the PERPETRATOR from improperly entering Plaintiff, JANE DOE's apartment unattended, uninvited, and unsupervised.

81.    At all material times, Defendant CAMDEN BRICKELL knew, or in the exercise of reasonable care should have known, that its employees were not properly trained and were not

properly supervised, and that its failure to properly train its employees placed residents at risk.

82.     Despite such actual or constructive knowledge, Defendant CAMDEN BRICKELL negligently trained its employees and created a false sense of security while failing to protect against the known dangers associated with the manner of operation, including against the increased danger of sexual assault, a risk well known in the real estate and rental industry.

83.     As a direct and proximate cause of the foregoing, Plaintiff was sexually battered, violated, and has suffered damages, including medical and psychological expenses, physical and emotional pain and suffering, mental anguish, disability, and the loss of the enjoyment of life.

**WHEREFORE**, Plaintiff, JANE DOE, demands judgment against Defendant CAMDEN BRICKELL, for compensatory damages, and all other as this Court deems just and proper.


## COUNT VIII
## NEGLIGENT TRAINING
## AGAINST CAMDEN DEVELOPMENT, INC.

Plaintiff repeats and re-alleges Paragraphs 1 through 16 above and further states:

84.     At all material times, Defendant CAMDEN DEVELOPMENT, INC. owed a duty to Plaintiff, JANE DOE to use reasonable care to ensure her safety, care, and well-being while she was on Defendant, CAMDEN DEVELOPMENT, INC.'s premises as a resident of the building.

85.     Defendant, CAMDEN DEVELOPMENT, INC.'s duties included the proper training of its employees.

86.     Furthermore, Defendant CAMDEN DEVELOPMENT, INC.'s duty to train its employees included instructing employees of the appropriate social and professional boundaries that must be maintained between employees and residents.

87.     Defendant, CAMDEN DEVELOPMENT, INC. breached its duty of care in every

18

way by failing to protect Plaintiff from sexual battery and lewd and lascivious acts committed by its employee, the PERPETRATOR.

88.     Defendant, CAMDEN DEVELOPMENT, INC., neglected to provide any training or supervision for the PERPETRATOR or any other employee to safely manage intoxicated residents and other invitees. At all material times, it was Defendant CAMDEN DEVELOPMENT, INC.'s policy to respond in ad hoc fashion, including permitting their concierge, the PERPETRATOR, and other untrained employees to escort intoxicated residents back to their rooms and without training of any other employees to ensure that the PERPETRATOR did not remain the room with the intoxicated and helpless resident.

89.     At all material times, Defendant, CAMDEN DEVELOPMENT, INC. had a duty to exercise reasonable care to properly train all of its employees, including specifically, but not limited to, the concierge position at CAMDEN DEVELOPMENT, INC.

90.     At all material times, Defendant CAMDEN DEVELOPMENT, INC. was negligent in at least the following ways:

a.   CAMDEN DEVELOPMENT, INC. failed to establish any safety protocol for intoxicated residents;

b.   The PERPETRATOR and all other CAMDEN DEVELOPMENT, INC. employees were unfamiliar with the building's policies, rules, and procedures;

c.   CAMDEN DEVELOPMENT, INC. negligently trained its employees, including, but not limited to, the concierge position as evidenced by the following:

i.   The PERPETRATOR improperly entered Plaintiff, JANE DOE's apartment unattended, uninvited, and unsupervised without any protocol to ensure he was not able to remain in the room;

19

ii.   The PERPETRATOR sexually battered Plaintiff, JANE DOE;

iii.   There were no safeguards to prevent the PERPETRATOR from improperly entering Plaintiff, JANE DOE's apartment unattended, uninvited, and unsupervised.

91.    At all material times, Defendant CAMDEN DEVELOPMENT, INC. knew, or in the exercise of reasonable care should have known, that its employees were not properly trained and were not properly supervised, and that its failure to properly train its employees placed residents at risk.

92.    Despite such actual or constructive knowledge, Defendant CAMDEN DEVELOPMENT, INC. negligently trained its employees and created a false sense of security while failing to protect against the known dangers associated with the manner of operation, including against the increased danger of sexual assault, a risk well known in the real estate and rental industry.

93.    As a direct and proximate cause of the foregoing, Plaintiff was sexually battered, violated, and has suffered damages, including medical and psychological expenses, physical and emotional pain and suffering, mental anguish, disability, and the loss of the enjoyment of life.

**WHEREFORE**, Plaintiff, JANE DOE, demands judgment against Defendant CAMDEN DEVELOPMENT, INC., for compensatory damages, and all other as this Court deems just and proper.

## COUNT IX
## NEGLIGENT TRAINING
## AGAINST FIRST IMPRESSION STAFFING, LLC

Plaintiff repeats and re-alleges Paragraphs 1 through 16 above and further states:

94.    At all material times, Defendant FIRST IMPRESSION STAFFING owed a duty to

Plaintiff, JANE DOE to use reasonable care to ensure her safety, care, and well-being while she was on Defendant, CAMDEN BRICKELL's premises as a resident of the building.

95.     Defendant, FIRST IMPRESSION STAFFING's duties included the proper training of its employees.

96.     Furthermore, Defendant FIRST IMPRESSION STAFFING's duty to train its employees included instructing employees of the appropriate social and professional boundaries that must be maintained between employees and residents.

97.     Defendant, FIRST IMPRESSION STAFFING breached its duty of care in every way by failing to protect Plaintiff from sexual battery and lewd and lascivious acts committed by its employee, the PERPETRATOR.

98.     Defendant, FIRST IMPRESSION STAFFING, neglected to provide any training or supervision for the PERPETRATOR or any other employee to safely manage intoxicated residents and other invitees. At all material times, such lack of training permitted their concierge, the PERPETRATOR, and other untrained employees to escort intoxicated residents back to their rooms and without training of any other employees to ensure that the PERPETRATOR did not remain the room with the intoxicated and helpless resident.

99.     At all material times, Defendant, FIRST IMPRESSION STAFFING had a duty to exercise reasonable care to properly train all of its employees, including specifically, but not limited to, the concierge position at CAMDEN BRICKELL.

100.    At all material times, Defendant FIRST IMPRESSION STAFFING was negligent in at least the following ways:

    a. FIRST IMPRESSION STAFFING failed to establish any safety protocol for intoxicated residents;

    b.  The PERPETRATOR and all other FIRST IMPRESSION STAFFING employees were unfamiliar with the building's policies, rules, and procedures;

    c.  FIRST IMPRESSION STAFFING negligently trained its employees, including, but not limited to, the concierge position as evidenced by the following:

        i.  The PERPETRATOR improperly entered Plaintiff, JANE DOE's apartment unattended, uninvited, and unsupervised without any protocol to ensure he was not able to remain in the room;

       ii.  The PERPETRATOR sexually battered Plaintiff, JANE DOE;

     iii.  There were no safeguards to prevent the PERPETRATOR from improperly entering Plaintiff, JANE DOE's apartment unattended, uninvited, and unsupervised.

101.    At all material times, Defendant FIRST IMPRESSION STAFFING knew, or in the exercise of reasonable care should have known, that its employees were not properly trained and were not properly supervised, and that its failure to properly train its employees placed residents at risk.

102.    Despite such actual or constructive knowledge, Defendant FIRST IMPRESSION STAFFING negligently trained its employees and created a false sense of security while failing to protect against the known dangers associated with the manner of operation, including against the increased danger of sexual assault, a risk well known in the real estate and rental industry.

103.    As a direct and proximate cause of the foregoing, Plaintiff was sexually battered, violated, and has suffered damages, including medical and psychological expenses, physical and emotional pain and suffering, mental anguish, disability, and the loss of the enjoyment of life.

**WHEREFORE**, Plaintiff, JANE DOE, demands judgment against Defendant FIRST IMPRESSION STAFFING, for compensatory damages, and all other as this Court deems just and proper.

**COUNT X**
**NEGLIGENT HIRING**
**AGAINST CAMDEN BRICKELL**

Plaintiff repeats and re-alleges Paragraphs 1 through 16 above and further states:

104.    In selecting THE PERPETRATOR, as an employee to manage and monitor the front desk at CAMDEN BRICKELL, Defendants, CAMDEN BRICKELL, had a duty to use reasonable care to perform an appropriate investigation into his background, employment history, and driving record, but they breached that duty in that they failed to:

    a.  Require THE PERPETRATOR, to submit to a proper background check;

    b.  Obtain his complete criminal record;

    c.  Contact former employers; and/or

    d.  Take other steps to determine whether he was a reasonably fit for his position at CAMDEN BRICKELL.

105.    If Defendants, CAMDEN BRICKELL, had taken these steps, and uncovered THE PERPETRATOR'S history, then Defendants, CAMDEN BRICKELL, would have determined that THE PERPETRATOR, was not a qualified employee and would not have engaged him as concierge employee.

106.    Defendant, CAMDEN BRICKELL, is liable for the negligent acts of, THE PERPETRATOR, in causing the injuries to JANE DOE.

107.    As a direct and proximate cause of the foregoing, Plaintiff was sexually battered, violated, and has suffered damages, including medical and psychological expenses, physical and

23

emotional pain and suffering, mental anguish, disability, and the loss of the enjoyment of life.

**WHEREFORE**, Plaintiff, JANE DOE demands judgment for damages against Defendant, CAMDEN BRICKELL, plus interest, costs, and any other relief the Court deems just and proper. Plaintiff further demand a trial by jury of all issues so triable in this action.

**COUNT XI**
**NEGLIGENT HIRING**
**AGAINST CAMDEN DEVELOPMENT, INC.**

Plaintiff repeats and re-alleges Paragraphs 1 through 16 above and further states:

108.   In selecting THE PERPETRATOR, as an employee to manage and monitor the front desk at CAMDEN BRICKELL, Defendant, CAMDEN DEVELOPMENT, INC. had a duty to use reasonable care to perform an appropriate investigation into his background, employment history, and driving record, but they breached that duty in that they failed to:

    a.   Require THE PERPETRATOR, to submit to a proper background check;

    b.   Obtain his complete criminal record;

    c.   Contact former employers; and/or

    d.   Take other steps to determine whether he was a reasonably fit for his position at CAMDEN BRICKELL.

109.   If Defendant, CAMDEN DEVELOPMENT, INC., had taken these steps, and uncovered THE PERPETRATOR'S history, then Defendants, CAMDEN DEVELOPMENT, INC., would have determined that THE PERPETRATOR, was not a qualified employee and would not have engaged him as concierge employee.

110.   Defendant, CAMDEN DEVELOPMENT, INC. is liable for the negligent acts of THE PERPETRATOR, in causing the injuries to JANE DOE.

111.   As a direct and proximate cause of the foregoing, Plaintiff was sexually battered,

24

violated, and has suffered damages, including medical and psychological expenses, physical and emotional pain and suffering, mental anguish, disability, and the loss of the enjoyment of life.

**WHEREFORE**, Plaintiff, JANE DOE demands judgment for damages against Defendants, CAMDEN DEVELOPMENT, INC., plus interest, costs, and any other relief the Court deems just and proper. Plaintiff further demand a trial by jury of all issues so triable in this action.

**COUNT XII**
**NEGLIGENT HIRING**
**AGAINST FIRST IMPRESSION STAFFING**

Plaintiff repeats and re-alleges Paragraphs 1 through 16 above and further states:

112.    In selecting THE PERPETRATOR, as an employee to manage and monitor the front desk at CAMDEN BRICKELL, Defendant, FIRST IMPRESSION STAFFING had a duty to use reasonable care to perform an appropriate investigation into his background, employment history, and driving record, but they breached that duty in that they failed to:

    a.  Require THE PERPETRATOR, to submit to a proper background check;

    b.  Obtain his complete criminal record;

    c.  Contact former employers; and/or

    d.  Take other steps to determine whether he was a reasonably fit for his position at CAMDEN BRICKELL.

113.    If Defendant, FIRST IMPRESSION STAFFING, had taken these steps, and uncovered THE PERPETRATOR'S history, then Defendants, FIRST IMPRESSION STAFFING, would have determined that THE PERPETRATOR, was not a qualified employee and would not have engaged him as a concierge employee.

114.    Defendant, FIRST IMPRESSION STAFFING, is liable for the negligent acts of THE PERPETRATOR, in causing the injuries to JANE DOE.

115.    As a direct and proximate result of the negligence of THE PERPETRATOR, for which Defendants FIRST IMPRESSION STAFFING, is liable, the Plaintiff, JANE DOE, was sexually battered, violated, and has suffered damages, including medical and psychological expenses, physical and emotional pain and suffering, mental anguish, disability, and the loss of the enjoyment of life.

**WHEREFORE**, Plaintiff, JANE DOE demands judgment for damages against Defendants, FIRST IMPRESSION STAFFING, plus interest, costs, and any other relief the Court deems just and proper. Plaintiff further demand a trial by jury of all issues so triable in this action.

### COUNT XIII
### RESPONDEAT SUPERIOR CLAIM AGAINST FIRST IMPRESSION STAFFING and CAMDEN BRICKELL

Plaintiff repeats and re-alleges Paragraphs 1 through 16 above and further states:

116.    THE PERPETRATOR, is an employee of the Defendants, CAMDEN BRICKELL and FIRST IMPRESSION STAFFING and was working within the course and scope of his employment when the above-reference negligence took place

117.    Defendants, CAMDEN BRICKELL and FIRST IMPRESSION STAFFING, as the employer of THE PERPETRATOR, are liable for Plaintiff' damages.

118.    As a direct and proximate result of the negligence of Defendants, CAMDEN BRICKELL and FIRST IMPRESSION STAFFING, the Plaintiff, JANE DOE was sexually battered, violated, and has suffered damages, including medical and psychological expenses, physical and emotional pain and suffering, mental anguish, disability, and the loss of the enjoyment of life.

**WHEREFORE**, Plaintiff, JANE DOE demands judgment for damages against Defendants, CAMDEN BRICKELL and FIRST IMPRESSION STAFFING, plus interest, costs, and any other

relief the Court deems just and proper. Plaintiff further demand a trial by jury of all issues so triable in this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

## CERTIFICATE RE: E-FILING

I HEREBY CERTIFY that this Complaint was filed electronically in compliance with Florida Rules of Judicial Administration 2.515 and 2.516(e).

I FURTHER CERTIFY for purposes of service of any documents after initial process that staff.efile@epllc.com is primary.

Dated December 27, 2021.

EDWARDS POTTINGER, LLC
Attorneys for Plaintiff(s)
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Fl 33301
TEL: (954)524-2820
FAX: (954)524-2822
E-mail: brad@epllc.com

BY: */s/ Bradley J. Edwards*
BRADLEY J. EDWARDS
Florida Bar No.: 542075
BRITTANY N. HENDERSON
Florida Bar No.: 118247
CATHERINE L. DAVIS
Florida Bar No.: 122172

27

Filing # 141839047 E-Filed 01/12/2022 11:43:34 AM

## RETURN OF SERVICE

**State of Florida**                **County of Miami-Dade**                **Circuit Court**

Case Number: 2021-027697-CA-01

Plaintiff:
**JANE DOE**

vs.

Defendant:
**CAMDEN SUMMIT PARTNERSHIP, LP d/b/a CAMDEN BRICKELL, CAMDEN DEVELOPMENT INC., AND FIRST IMPRESSION STAFFING, LLC**

For:
EDWARDS POTTINGER LLC

Received by ACCURATE PROCESS SERVICE, INC. on the 4th day of January, 2022 at 10:27 am to be served on **CAMDEN DEVELOPMENT, INC CAPITOL CORPORATE SERVICES, INC., AS REGISTERED AGENT, 515 E. PARK AVE, 2ND FLOOR, Tallahassee, FL 32301.**

I, **JAMES KADY**, do hereby affirm that on the **4th day of January, 2022 at 2:24 pm,** I:

served a **CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE** by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **LESLIE SELLERS as CUSTOMER SERVICE REPRESENTATIVE** authorized to accept service, of the within named corporation, at the address of: **515 E. PARK AVE, TALLAHASSEE, FL 32301** on behalf of **CAMDEN DEVELOPMENT, INC**, and informed said person of the contents therein, in compliance with state statutes.

**Description of Person Served:** Age: 40, Sex: F, Race/Skin Color: WHITE, Height: 5'8", Weight: 159, Hair: BLONDE, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. "Under penalties of perjury, I declare that I have read the foregoing document and that the facts in it are true" F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO FS 92.525

**JAMES KADY**
65

**ACCURATE PROCESS SERVICE, INC.**
**1840 SE 4th Avenue,**
**#2B**
**Ft. Lauderdale, FL 33316**
**(954) 761-9977**

Our Job Serial Number: KDY-2022000363

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.1z

Filing # 141839047 E-Filed 01/12/2022 11:43:34 AM

## RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Florida** | **County of Miami-Dade** | **Circuit Court** |

Case Number: 2021-027697-CA-01

Plaintiff:
JANE DOE

vs.

Defendant:
CAMDEN SUMMIT PARTNERSHIP, LP d/b/a CAMDEN BRICKELL, CAMDEN
DEVELOPMENT INC., AND FIRST IMPRESSION STAFFING, LLC

For:
EDWARDS POTTINGER LLC

Received by ACCURATE PROCESS SERVICE, INC. on the 4th day of January, 2022 at 10:27 am to be served on **CAMDEN SUMMIT PARTNERSHIP, LP D/B/A CAMDEN BRICKELL CAPITOL CORPORATE SERVICES, INC., AS REGISTERED AGENT, 515 E. PARK AVE, 2ND FLOOR, Tallahassee, FL 32301.**

I, JAMES KADY, do hereby affirm that on the **4th day of January, 2022 at 2:24 pm**, I:

served a **CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE** by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **LESLIE SELLERS** as **CUSTOMER SERVICE REPRESENTATIVE** authorized to accept service, of the within named corporation, at the address of: **515 E. PARK AVE, TALLAHASSEE, FL 32301** on behalf of **CAMDEN SUMMIT PARTNERSHIP, LP D/B/A CAMDEN BRICKELL**, and informed said person of the contents therein, in compliance with state statutes.

**Description of Person Served:** Age: 40, Sex: F, Race/Skin Color: WHITE, Height: 5'8", Weight: 159, Hair: BLONDE, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. "Under penalties of perjury, I declare that I have read the foregoing document and that the facts in it are true" F.S. 92.525. NOTARY NOT REQUIRED PURSUANT TO FS 92.525

JAMES KADY
65

ACCURATE PROCESS SERVICE, INC.
1840 SE 4th Avenue,
#2B
Ft. Lauderdale, FL 33316
(954) 761-9977

Our Job Serial Number: KDY-2022000362

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.1z

Filing # 141038025 E-Filed 12/28/2021 04:18:43 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

JANE DOE,

     Plaintiff,

Case No.: 2021-027697-CA-01

vs.

CAMDEN SUMMIT PARTNERSHIP, LP
d/b/a CAMDEN BRICKELL, CAMDEN
DEVELOPMENT, INC., and
FIRST IMPRESSION STAFFING, LLC,

     Defendants,

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT, CAMDEN DEVELOPMENT, INC.

Plaintiff, JANE DOE, by and through the undersigned attorneys, and pursuant to Florida Rule of Civil Procedure 1.350, requests the Defendant, CAMDEN DEVELOPMENT, INC., to produce the following documents to the offices of Edwards Pottinger, 425 North Andrews Avenue, Suite 2, Fort Lauderdale, Florida 33301, within the time and manner prescribed by law pursuant to the Florida Rules of Civil Procedure.

### DOCUMENTS REQUESTED

1.    All contracts and/or documents describing Mufaro Musaro and/or Musaro Nufaro (hereafter referred to as **"PERPETRATOR"**) business relationship with Defendant, including a description of all obligations, rights, duties, and responsibilities of Musaro Nufaro and Defendant.

2.    All records of communication with any law enforcement agency concerning Plaintiff and/or the perpetrator, including any documents received from and provided to any law enforcement agency.

3.    All records of payment between or among Plaintiff and Defendant, including payments for services provided to Plaintiff and all other expenses incurred by Plaintiff while living on Defendant's property.

4.   All correspondence and records of communication between the perpetrator and any representative of Defendant pertaining to the Plaintiff and/or the subject matter of this lawsuit.

5.   All policies/procedures, handbooks, operating manuals and guidelines of Defendant, Camden Brickell during the time the perpetrator was employed by Defendant, First Impression Staffing.

6.   All records of background checks, references, and other inquiries made by Defendant concerning the perpetrator prior to or during his period of employment.

7.   All records, reports, notations, files or other documents regarding all counseling, suspension(s), termination(s), probation(s), training(s), or any other discipline of the perpetrator by Defendant at any time during his employment with Defendant.

8.   All policies and procedures regarding interaction with residents/guests in effect at any time during the course of the perpetrator's employment with Defendant, First Impression Staffing.

9.   All records, reports, notations, codes, manuals, files, policies and procedures, videos, or other documents regarding all instruction or training(s) regarding interaction with clients/customers which was ever provided to or received by the perpetrator.

10.  Any and all incident reports prepared, maintained and/or possessed by you regarding the incident that is the subject of this litigation.

11.  Any and all photographs, videotapes, movies, or other still or moving images maintained and/or possessed by you regarding the incident that is the subject of this litigation.

12.  Any and all security footage or images regarding the incident that is the subject of this litigation.

13.  Any contractual agreements that exist between this defendant and co-defendant(s) in this matter with respect to any and all concierge employees at the Camden Brickell.

14.  Any and all contractual agreements that exist between this defendant and any other co-defendant in this matter.

## CERTIFICATE RE: E-FILING AND E-SERVICE

I HEREBY CERTIFY that this Request for Production, was filed electronically in compliance with Florida Rules of Judicial Administration 2.515 and 2.516(e).

I FURTHER CERTIFY that Plaintiff's Request for Production was served on the Defendant with the Summons and Complaint.

2

     I FURTHER CERTIFY for purposes of service of any documents after initial process that staff.efile@epllc.com is primary, no secondary.

 

EDWARDS POTTINGER, LLC
Attorneys for Plaintiff(s)
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Fl 33301
TEL: (954)524-2820
FAX: (954)524-2822
E-mail: brad@epllc.com
BY: */s/ Bradley J. Edwards*
**BRADLEY J. EDWARDS**
Florida Bar No.: 542075
**BRITTANY N. HENDERSON**
Florida Bar No.: 118247
**CATHERINE L. DAVIS**
Florida Bar No.: 122172

3

Filing # 141038025 E-Filed 12/28/2021 04:18:43 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

Case No.:  2021-027697-CA-01

JANE DOE,

     Plaintiff,

vs.

CAMDEN SUMMIT PARTNERSHIP, LP
d/b/a CAMDEN BRICKELL, CAMDEN
DEVELOPMENT, INC., and
FIRST IMPRESSION STAFFING, LLC,

     Defendants,

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO DEFENDANT, CAMDEN DEVELOPMENT, INC.

     Plaintiff, JANE DOE, by and through the undersigned attorneys, and pursuant to Florida Rule of Civil Procedure 1.340, propound the Interrogatories attached hereto unto the Defendant, CAMDEN DEVELOPMENT, INC., to be answered under oath and in writing, within the time and manner prescribed by law pursuant to the applicable Rules of the Florida Rules of Civil Procedure.

### CERTIFICATE RE: E-FILING AND E-SERVICE

     I HEREBY CERTIFY that this Notice of Service of Initial Interrogatories was filed electronically this 28th day of December 2021, in compliance with Florida Rules of Judicial Administration 2.515 and 2.516(e).

     I HEREBY CERTIFY that a true and correct copy of the foregoing was served with the Summons and Complaint

     I FURTHER CERTIFY for purposes of service of any documents after initial process that staff.efile@epllc.com is primary, no secondary.

EDWARDS POTTINGER, LLC
Attorneys for Plaintiff(s)
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Fl 33301
TEL: (954)524-2820
FAX: (954)524-2822
E-mail: brad@epllc.com
BY: */s/ Bradley J. Edwards*
**BRADLEY J. EDWARDS**
Florida Bar No.: 542075
**BRITTANY N. HENDERSON**
Florida Bar No.: 118247
**CATHERINE L. DAVIS**
Florida Bar No.: 122172

Filing # 141038025 E-Filed 12/28/2021 04:18:43 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

JANE DOE,

      Plaintiff,

Case No.:  2021-027697-CA-01

vs.

CAMDEN SUMMIT PARTNERSHIP, LP
d/b/a CAMDEN BRICKELL, CAMDEN
DEVELOPMENT, INC., and
FIRST IMPRESSION STAFFING, LLC,

      Defendants,

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT, CAMDEN SUMMIT PARTNERSHIP, LP d/b/a CAMDEN BRICKELL

Plaintiff, JANE DOE, by and through the undersigned attorneys, and pursuant to Florida Rule of Civil Procedure 1.350, requests the Defendant, CAMDEN SUMMIT PARTNERSHIP, LP d/b/a CAMDEN BRICKELL (hereinafter CAMDEN BRICKELL), to produce the following documents to the offices of Edwards Pottinger, 425 North Andrews Avenue, Suite 2, Fort Lauderdale, Florida 33301, within the time and manner prescribed by law pursuant to the Florida Rules of Civil Procedure.

### DOCUMENTS REQUESTED

1.     Any and all personnel records of Musaro Mufaro and/or Musaro Nufaro (Hereafter referred to as **"PERPETRATOR"**), including but not limited to the contents of personnel files, applications, references, evaluations, client comment cards, disciplinary records, warnings, certifications, licenses, termination letter, continuing education, training, and payroll records.

2.     All contracts and/or documents describing business relationship with Defendants, including a description of all obligations, rights, duties, and responsibilities of perpetrator and Defendant, Camden Brickell.

1

3.    All records of communication with any law enforcement agency concerning Plaintiffs and perpetrator, including any documents received from and provided to any law enforcement agency.

4.    All records of complaints, accusations, and/or reports that perpetrator committed any form of inappropriate touch, sexual misconduct, sexual harassment, sexual assault, physical assault, or made any unwanted sexual advance in the workplace. These terms are intended to include any sexual contact with a client as well as the unwanted touching of the genitalia, anus, groin, breast, or buttocks of any person, or any other physical contact objectively intended to gain or give sexual gratification. Sexual harassment is also intended to also include the use of lewd sexual language or sexual activity/advances which Defendant deems inappropriate in the workplace.

5.    All records of payment between or among Plaintiffs and Defendant, including payments for services provided to Plaintiffs and all other expenses incurred by Plaintiffs while living on Defendant's property.

6.    All correspondence and records of communication between perpetrator and any representative of Defendant pertaining to the Plaintiffs and/or the subject matter of this lawsuit.

7.    All policies/procedures, handbooks, operating manuals and guidelines of Defendant, Camden Brickell during the time perpetrator was employed at the front desk by Defendant.

8.    All comment cards, evaluations, surveys, and all other quality control measures and other documentation used by Defendant to measure resident satisfaction with services performed by perpetrator.

9.    All records of background checks, references, and other inquiries made by Defendant concerning perpetrator prior to or during his period of employment.

10.    All records, reports, notations, files or other documents regarding all counseling, suspension(s), termination(s), probation(s), training(s), or any other discipline of perpetrator by Defendant at any time during his employment with Defendant.

11.    All Employee Manuals in effect at any time during the course of perpetrator's employment with Defendant.

12.    Employee Code of Conduct in effect at any time during the course of perpetrator's employment with Defendant, Camden Brickell.

13.    All Training Manuals in effect at any time during the course of perpetrator's employment with Defendant, Camden Brickell.

14.    Any and all training videos shown or used at any time during the course of perpetrator's employment with Defendant, Camden Brickell.

15. All policies and procedures regarding interaction with residents/guests in effect at any time during the course of perpetrator's employment with Defendant, Camden Brickell.

16. All records, reports, notations, codes, manuals, files, policies and procedures, videos, or other documents regarding all instruction or training(s) regarding interaction with clients/customers which was ever provided to or received by perpetrator.

17. All records, reports, notations, codes, manuals, files, policies and procedures, videos, or other documents regarding all instruction or training(s) regarding inappropriate interactions with guests which was ever provided to or received by perpetrator.

18. All records, reports, notations, files or other documents regarding the terms and conditions of the termination of perpetrators' employment, contract, or other relationship with Defendant, Camden Brickell.

19. Produce all daily reports submitted by:
    (a) Perpetrator while he was employed and/or posted at Camden Brickell;
    (b) by any other employee of Camden Brickell between August 4, 2021 and August 8, 2021.

20. Any and all incident reports prepared, maintained and/or possessed by you regarding the incident that is the subject of this litigation.

21. Any and all photographs, videotapes, movies, or other still or moving images maintained and/or possessed by you regarding the incident that is the subject of this litigation.

22. Any and all security footage, surveillance footage or images regarding the incident that is the subject of this litigation.

23. All email correspondence to or from perpetrator and any other Camden Employee.

24. All email correspondence to or from perpetrator and any other non-Camden Employee.

25. Provide all documents evidencing the times when the Perpetrator clocked into work and clocked out of work between August 4, 2021, and August 8, 2021.

26. Provide all documents evidencing the termination of the Perpetrator from his post at Camden Brickell.

## CERTIFICATE RE: E-FILING AND E-SERVICE

I HEREBY CERTIFY that this Request for Production, was filed electronically in compliance with Florida Rules of Judicial Administration 2.515 and 2.516(e).

3

I FURTHER CERTIFY that Plaintiff's Request for Production was served on the Defendant with the Summons and Complaint.

I FURTHER CERTIFY for purposes of service of any documents after initial process that staff.efile@epllc.com is primary, no secondary.

EDWARDS POTTINGER, LLC
Attorneys for Plaintiff(s)
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Fl 33301
TEL: (954)524-2820
FAX: (954)524-2822
E-mail: brad@epllc.com
BY: /s/ *Bradley J. Edwards*
**BRADLEY J. EDWARDS**
Florida Bar No.: 542075
**BRITTANY N. HENDERSON**
Florida Bar No.: 118247
**CATHERINE L. DAVIS**
Florida Bar No.: 122172

4

Filing # 141038025 E-Filed 12/28/2021 04:18:43 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

JANE DOE,

Case No.:  2021-027697-CA-01

    Plaintiff,

vs.

CAMDEN SUMMIT PARTNERSHIP, LP
d/b/a CAMDEN BRICKELL, CAMDEN
DEVELOPMENT, INC., and
FIRST IMPRESSION STAFFING, LLC,

    Defendants,

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO DEFENDANT, CAMDEN SUMMIT PARTNERSHIP, LP d/b/a CAMDEN BRICKELL

Plaintiff, JANE DOE, by and through the undersigned attorneys, and pursuant to Florida

Rule of Civil Procedure 1.340, propound the Interrogatories attached hereto unto the Defendant,

CAMDEN SUMMIT PARTNERSHIP, LP d/b/a CAMDEN BRICKELL, to be answered under

oath and in writing, within the time and manner prescribed by law pursuant to the applicable Rules

of the Florida Rules of Civil Procedure.

### CERTIFICATE RE: E-FILING AND E-SERVICE

I HEREBY CERTIFY that this Notice of Service of Initial Interrogatories was filed

electronically this 28th day of December 2021, in compliance with Florida Rules of Judicial

Administration 2.515 and 2.516(e).

I HEREBY CERTIFY that a true and correct copy of the foregoing was served with the

Summons and Complaint

I FURTHER CERTIFY for purposes of service of any documents after initial process that

staff.efile@epllc.com is primary, no secondary.

EDWARDS POTTINGER, LLC
Attorneys for Plaintiff(s)
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Fl 33301
TEL: (954)524-2820
FAX: (954)524-2822
E-mail: brad@epllc.com
BY: */s/ Bradley J. Edwards*
**BRADLEY J. EDWARDS**
Florida Bar No.: 542075
**BRITTANY N. HENDERSON**
Florida Bar No.: 118247
**CATHERINE L. DAVIS**
Florida Bar No.: 122172

Filing # 141657581 E-Filed 01/10/2022 11:58:32 AM

.

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

JANE DOE,

     Plaintiff,                       Case No.: 2021-027697-CA-01

vs.

CAMDEN SUMMIT PARTNERSHIP, LP d/b/a
CAMDEN BRICKELL,
CAMDEN DEVELOPMENT, INC.,
And FIRST IMPRESSION STAFFING, LLC

     Defendants,

_____/

## MOTION TO PROCEED ANONYMOUSLY

     COMES NOW the Plaintiff JANE DOE, by and through her undersigned counsel, pursuant to Florida Statute § 92.56, and move this Court to enter an Order granting Plaintiff's permission to proceed in this action under the pseudonym "Jane Doe", and as grounds would state as follows:

## FACTUAL BACKGROUND

     As cited below, there is an abundance of case law giving a Plaintiff the right to proceed anonymously or by pseudonym. Sadly, Jane Doe was the victim of horrific offenses of a sensitive sexual nature. The sexual assaults have caused Plaintiff much embarrassment, humiliation, and psychological trauma. This embarrassment, humiliation, and psychological trauma would be greatly exacerbated if their names were revealed publicly as the subject of the alleged sexual assaults as the subject matter of the Complaint clearly contains highly sensitive and intimate information about the Plaintiff.

1

Moreover, the true identity of the Plaintiff, JANE DOE will be provided to the Defendant. Perhaps more importantly, Defendant will certainly not be prejudiced by the non-disclosure of Plaintiff's true identity in the Pleadings, and there is a great need in this case to protect intimate information about the Plaintiffs as well as to protect their privacy interest. Furthermore, Plaintiff's identity is not already known to the community, she has not voluntarily called public attention to the offenses, her identity has not otherwise become a reasonable subject of public concern, and the disclosure of her identity would be offensive to a reasonable person. In this case, it is clear from the allegations in the Complaint that the information is of a highly sensitive nature involving allegations regarding sexual exploitation and battery.

This Court should grant Plaintiff's Motion to Proceed Anonymously as: 1) Defendant will be made fully aware of the identity of Plaintiff, 2) Defendant will not be prejudiced in any way by pseudonym pleadings, 3) Plaintiff is at great risk of further psychological trauma resulting from the release of her identity as victim of this sexual crime, and 4) the public will not be prejudiced as all other aspects of the case will remain available. Consequently, Plaintiff should be permitted to proceed anonymously as Defendant will be made fully aware of the identity of Plaintiff.

### MEMORANDUM OF LAW

The test for determining whether to allow a plaintiff to bring a suit anonymously is whether the plaintiff has a substantial privacy right, which outweighs the "presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992). In fact, "a judge should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the Plaintiff's identity should yield to the Plaintiff's privacy concerns." *Id.* at 323. Despite the general presumption against anonymous or pseudonymous pleadings, it is common practice for this presumption to be overcome in certain types of cases, and courts have discretion to permit such pleading in appropriate circumstances. *See Doe v. Del Rio*, 241 F.R.D.

2

154, 157 (S.D.N.Y. 2006) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). Specifically, Courts typically grant such requests for pseudonymity in matters of a sensitive and highly personal nature. *Id.* at 157 (citing *Heather K v. City of Mallard*, 887 F.Supp.1249, 1255 (N.D. Iowa 1995)).

In deciding whether to permit pseudonymous pleadings, Courts must balance "the Plaintiff's right to privacy and security against the public's interest in identification of the litigants and the harm to the Defendant stemming from suppression of Plaintiff's name." *Doe v. Smith*, 105 F.Supp.2d 40, 44 (E.D.N.Y. 1999). The ultimate test for permitting a Plaintiff to proceed anonymously is whether the Plaintiff has a substantial privacy right which outweighs the customary presumption of openness in judicial proceedings. *Free Speech v. Reno*, 1999 WL 47310, at 2 (S.D.N.Y. Feb. 1, 1999). In undertaking this balance, Courts typically consider such factors as whether the Plaintiff would be compelled to disclose intimate information, whether the Plaintiff would risk injury if identified, whether the party defending the suit would be prejudiced by the non-disclosure of the Plaintiff's name, the extent to which the identity of the Plaintiff has been kept confidential, as well as the interest the public has in knowing the names of the litigants. *Del Rio*, 241 FRD at 157.

The Supreme Court has implicitly recognized pseudonyms in abortion cases, with minimal discussion. *Roe v. Wade*, 410 U.S. 113, 120-121, 93 S.Ct. 705 (1973); *see also*, *E.E.O.C. v. ABM Industries, Inc.*, 249 F.R.D. 588 (E.D. Cal. 2008). Likewise, pseudonym filing is typically accepted by the Courts in other cases where the nature of the pleading unveils highly sensitive information and detail about the Plaintiff, such that the non-disclosure of the party's name is necessary to protect her from harassment, injury, ridicule, or personal embarrassment. *Does v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-1068 (9th Cir. 2000) (citing *United States v. Doe*, 655 F.2d 920; E.E.O.C., 249 F.R.D. at 588).

3

In this case, it is clear from the allegations in the Complaint that the information is of a highly sensitive nature—i.e., in fact, what can be more sensitive than details of a violent sexual assault. The Defendant will not be prejudiced in any way by this pseudonym pleading, as Defendant will be provided with the true identity of Plaintiff. While the public does have a right to the openness of judicial proceedings, the right to know the true identity of the Plaintiff, Jane Doe, is greatly outweighed by her privacy interests in this case. Of course, other than the identity of the Plaintiff, all other aspects of the case will still be available to the public.

      **WHEREFORE**, the Plaintiff, Jane Doe, moves this Court to enter an Order allowing her to proceed in this litigation under the Jane Doe pseudonym.

## CERTIFICATE RE: E-FILING AND E-SERVICE

I HEREBY CERTIFY that this Motion to Proceed Anonymously, was filed electronically in compliance with Florida Rules of Judicial Administration 2.515 and 2.516(e).

I FURTHER CERTIFY that Plaintiff's Motion to Proceed Anonymously was served electronically in compliance with Florida Rule of Judicial Administration 2.516(b)(1)(E) to: this 10th day of January, 2022.

I FURTHER CERTIFY for purposes of service of any documents after initial process that staff.efile@epllc.com is primary, no secondary.

EDWARDS POTTINGER, LLC
Attorneys for Plaintiff(s)
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Fl 33301
TEL: (954)524-2820
FAX: (954)524-2822
BY: */s/ Catherine L. Davis*
**BRADLEY J. EDWARDS**
Florida Bar No.: 542075
E-mail: brad@epllc.com
**CATHERINE L. DAVIS**
Florida Bar No.: 122172
E-mail : catherine@epllc.com

4

# MIAMI-DADE COUNTY CLERK OF THE COURTS
## HARVEY RUVIN

Contact Us    My Account    

---

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

---

**◄ BACK TO SEARCH**

### JANE DOE VS CAMDEN SUMMIT PARTNERSHIP, LP ET AL

| | |
|---|---|
| **Local Case Number:** | 2021-027697-CA-01 |
| **State Case Number:** | 132021CA027697000001 |
| **Consolidated Case No.:** | N/A |
| **Case Status:** | OPEN |

| | |
|---|---|
| **Filing Date:** | 12/27/2021 |
| **Judicial Section:** | CA21 |
| **Case Type:** | Other Negligence |

---

👥 **Parties**                                                    Total Of Parties: 5   **+**

🔧 **Hearing Details**                                          Total Of Hearings: 0   **+**

🔊 **Dockets**                                                     Total Of Dockets: 24   **—**

**➡ EXPORT TO CSV**

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 21 | 01/13/2022 | | Amended Notice | Event | **OF APPEARANCE** |
| 📄 | 20 | 01/12/2022 | | Service Returned | Event | |
| 📄 | 19 | 01/12/2022 | | Service Returned | Event | |

| | 19 | 01/12/2022 | Service Returned | Event | |
|---|---|---|---|---|---|
| | 18 | 01/10/2022 | Motion: | Event | **TO PROCEED ANONYMOUSLY** |
| | 17 | 01/05/2022 | Notice of Appearance | Event | |
| | 16 | 12/30/2021 | Receipt: | Event | **RECEIPT#:2900018 AMT PAID:$30.00 NAME:BRADLEY J EDWARDS 425 N ANDREWS AVE STE 2 FT LAUD 33301-3268 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $1 $10.00 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:EFILINGS TENDER AMT:$30.00 RECEIPT DATE:12/30/2021 REGISTER#:290 CASHIER:EFILINGUSER** |
| | | 12/29/2021 | 20 Day Summons Issued | Service | |
| | 15 | 12/29/2021 | ESummons 20 Day Issued | Event | **RE: INDEX # 6.**<br>Parties: Camden Development Inc. |
| | | 12/29/2021 | 20 Day Summons Issued | Service | |
| | 14 | 12/29/2021 | ESummons 20 Day Issued | Event | **RE: INDEX # 5.**<br>Parties: First Impression Staffing LLC |
| | | 12/29/2021 | 20 Day Summons Issued | Service | |
| | 13 | 12/29/2021 | ESummons 20 Day Issued | Event | **RE: INDEX # 4.**<br>Parties: Camden Summit Partnership LP |
| | 3 | 12/29/2021 | Receipt: | Event | **RECEIPT#:2930077 AMT PAID:$401.00 NAME:BRADLEY J EDWARDS 425 N ANDREWS AVE STE 2 LAUI FL 33301-3268 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $4 $401.00 TENDER TYPE:EFILINGS TENDER AMT:$401.00 RECEIPT DATE:12/29/2021 REGISTER#:293 CASHIER:EFILINGUSER** |
| | 12 | 12/28/2021 | Request for Production | Event | |
| | 11 | 12/28/2021 | Request for Production | Event | |
| | 10 | 12/28/2021 | Request for Production | Event | |
| | 9 | 12/28/2021 | Notice of Interrogatory | Event | |

| | 9 | 12/28/2021 | Notice of Interrogatory | Event |
| | 8 | 12/28/2021 | Notice of Interrogatory | Event |
| | 7 | 12/28/2021 | Notice of Interrogatory | Event |
| | 6 | 12/28/2021 | (M) 20 Day (C) Summons (Sub) Received | Event |
| | 5 | 12/28/2021 | (M) 20 Day (C) Summons (Sub) Received | Event |
| | 4 | 12/28/2021 | (M) 20 Day (C) Summons (Sub) Received | Event |
| | 2 | 12/27/2021 | Complaint | Event |
| | 1 | 12/27/2021 | Civil Cover Sheet - Claim Amount | Event |

◀◀ BACK TO SEARCH

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

**General**

Online Case Home   Civil / Family Courts Information   Login

**Help and Support**

Clerk's Home   Privacy Statement   ADA Notice   Disclaimer   Contact Us   About Us

**HARVEY RUVIN**
Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155